United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BREEDEN, et. al.<br><br>    Plaintiffs,<br><br>  v.<br><br>BENCHMARK LENDING GROUP, INC., and DOES 1-200, inclusive,<br><br>    Defendants. | No. 04-05104 SC<br><br>MEMORANDUM AND ORDER RE: PLAINTIFFS' MOTION FOR CERTIFICATION OF FRCP 23 CLASS ACTION |

## I. INTRODUCTION

Plaintiffs, former telemarketing loan officers, brought this action against their former employer, Defendant Benchmark Lending Group, Inc. ("Benchmark"), alleging that Benchmark violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et. seq.,* and California labor laws by improperly classifying Plaintiffs as "exempt," failing to pay overtime and wages, and for failing to provide meal breaks and rest breaks. Plaintiffs further assert that they are entitled to waiting time penalties for Benchmark's allegedly willful failure to pay all compensation due at the time of termination, and also seek injunctive relief under the

1  California Unfair Practices Act.  In a February 10, 2005 order,
2  this Court conditionally certified a collective class under the
3  FLSA for the purpose of providing notice to potential class
4  members with respect to Plaintiffs' federal claims.  Plaintiffs
5  now move to certify a class under Federal Rule of Civil Procedure
6  23 for their remaining California state law claims.  For the
7  reasons set forth herein, this Court GRANTS Plaintiffs' motion to
8  certify a Rule 23 class on the sole issue of whether Plaintiffs
9  were properly classified as exempt, and DENIES Plaintiffs' motion
10 in all other respects.

**II.  BACKGROUND**

The four named plaintiffs in this action worked as "loan officers" at Benchmark's in-house telemarketing loan center located in Santa Rosa, California.  Pls.' Mem. Supp. Mot. Cert. Class at 2-3 ("Pls.' Mem.").  Each of the named plaintiffs began working for Benchmark in 2003 and each left Benchmark in 2004. Def. Mem. Opp'n. Mot. Cert. Class at 3-4 ("Def. Mem.").  During their tenure at the Santa Rosa facility, Plaintiffs' duties included placing calls to and answering calls from prospective borrowers, providing potential customers with information related to Benchmark's financial products, and keeping borrowers appraised of the status of financing efforts.  Decl. Garry Goodman ¶3.  All loan officers, including named Plaintiffs and the putative class, worked in a single office in contiguous cubicles, performed substantially the same duties, and were compensated substantially the same way. Joint Case Mgmnt. Stmnt. ¶2.

2

1   Benchmark admits that it treated all loan officers as
2   "exempt" under state and federal law, and consequently did not
3   maintain time cards for these employees.  Id.  Consistent with
4   this classification, Benchmark did not pay overtime wages to loan
5   officers.  Id.  Plaintiffs further allege, and Benchmark denies,
6   that they did not receive compensation commensurate with either
7   their agreed-upon rate of pay or state and federal minimum wage
8   standards; that Benchmark did not allow loan officers to take
9   adequate meal breaks or rest breaks as required by California law;
10  and that Benchmark made improper deductions from Plaintiffs'
11  paychecks.  Id ¶4.  Plaintiffs filed this action to recoup what
12  they characterize as unpaid wages, and also seek monetary waiting
13  time penalties for Benchmark's alleged willful failure to pay all
14  compensation due to each loan officer at the conclusion of his or
15  her employment with Benchmark.
16     In a February 10, 2005 order, this Court conditionally
17  certified a collective class under the FLSA with respect to
18  Plaintiffs' federal claims.  Plaintiffs now move to certify the
19  remaining state law claims as a class under Federal Rule of Civil
20  Procedure 23.
21
22  **III. <u>DISCUSSION</u>**
23     <u>A. The Plaintiffs' Claims</u>
24  Before discussing the suitability of certifying Plaintiffs'
25  claims as a class under Rule 23, it is necessary to decipher
26  exactly which claims Plaintiffs would have this Court certify.  In
27  this respect, Plaintiffs' filings have been less than clear, and,
28
                              3

in some respects, appear to try to obtain Rule 23 certification for certain claims without indicating why those claims meet the standards established by the Rule.

For example, Plaintiffs have consistently stressed that the principal issue in this case is whether Benchmark properly classified Plaintiffs as exempt. See, e.g., Pls.' Mem. at 1, 3. All other issues, Plaintiffs contend, "are simply a matter of damages." Id at 3. Although Plaintiffs have dedicated a great deal of their moving papers to documenting the suitability of the classification issue for Rule 23 class treatment, nary a sentence is dedicated to demonstrating why the remaining substantive issues--failure to pay overtime, failure to provide meal breaks, and failure to pay all straight time wages--are also appropriate for class certification. Plaintiffs may assert that they have made the proper showing for Rule 23 certification by including two phrases in the complaint that allege, on information and belief, that Plaintiffs and members of the putative class worked overtime and were not given meal or rest breaks. Complaint, ¶¶ 45-46; 51-55. The Court notes that although it must accept the substantive allegations of the complaint as true, see Blackie v. Barrack, 524 F.2d 891, 901 n.17 (9th Cir. 1975), it is equally clear that "sufficient information to form a reasonable judgment" is required, see id., and that unsubstantiated allegations that merely parrot the Rule's requirements are inadequate. See Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1309 (9th Cir. 1977); see also Gen. Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 157-58 (1982) (noting that the court may not presume

4

1  from Plaintiffs' alleged injuries that other members of the class
2  have also suffered injury).
3      In this respect, it is relevant that aside from the
4  aforementioned phrases included in the complaint, neither the
5  moving papers nor the declarations filed therewith provide any
6  support for Plaintiffs' contention that class certification is
7  appropriate for their claims of unpaid overtime, missed break
8  periods, and waiting time penalties.
9      Plaintiffs may well be correct in their assertion that, aside
10 from the dispute regarding the proper classification of loan
11 officers, "[e]very other issue relates to damages and can be
12 resolved either through undisputed records...sampling or through a
13 Class member claim process."  Pls.' Mem. at 1.  But Plaintiffs
14 just as surely cannot avoid the strictures of Rule 23 by
15 repeatedly stressing the appropriateness of class treatment with
16 respect to the issue of whether Plaintiffs were properly
17 classified as exempt, while neglecting to provide the court with
18 any information that would tend to establish that Plaintiffs'
19 substantive claims alleging violations of state law are also fit
20 for class certification.  Rule 23 does not permit such an end-run
21 around its requirements, and consequently, neither will this
22 Court.  Accordingly, the Court will consider whether Plaintiffs'
23 claim that Benchmark improperly classified them as exempt is
24 proper for class certification under Rule 23.[1]  Should Plaintiffs

---

[1] Courts have broad discretion to define the issues appropriate for class treatment, see, e.g., Simon v. Phillip Morris Inc., 200 F.R.D. 21, 29-30 (E.D.N.Y. 2001), including the power to certify issues *sua sponte*.  See United States Parole Com'n v.

5

1  prevail in showing that Benchmark improperly classified loan
2  officers as exempt, they will have the opportunity to proceed with
3  their claims in an appropriate fashion, whether that entails a
4  renewed motion for class certification, classwide sampling, or
5  such other methods as are deemed acceptable by Plaintiffs and
6  proper by the Court.

### B. Class Certification Under FRCP 23

The Eighth Circuit has described class actions as "an invention of equity mothered by the practical necessity of providing a procedural device so that mere numbers would not disable large groups of individuals, united in interest, from enforcing their equitable rights, nor grant them immunity from their equitable wrongs." Montgomery Ward & Co. v. Langer, 168 F.2d 182, 187 (8th Cir. 1948). Plaintiffs bear the burden of establishing that the proposed class meets the requirements of Rule 23. See Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304 (9th Cir. 1977). The first step requires Plaintiffs to demonstrate that the four provisions of Rule 23(a) are met. Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a).

If Plaintiffs are able to carry their burden as to this first

---

Geraghty, 445 U.S. 388, 395 (1980).

step, they must then demonstrate that they are entitled to class certification under at least one of the three Rule 23(b) categories.[2] In determining whether to certify a proposed class, courts are directed to take the substantive allegations of the complaint as true, see Mateo v. M/S Kiso, 805 F. Supp. 761, 771 (9th Cir. 1991), but are also under the obligation to undertake a "rigorous analysis" of whether the class allegations meet the requirements of Rule 23. See Chamberlin v. Ford Motor Co., 402 F.3d 952, 961 (9th Cir. 2005) quoting Gen. Tel. Co. of the S.W. v. Falcon, 457 U.S. 147 (1982). Courts are not obligated to accept "conclusory or generic allegations regarding the suitability of the litigation for resolution through class action." Mateo, 805 F. Supp. at 771.

### 1. Numerosity

There is no absolute minimum number of plaintiffs necessary to demonstrate that the putative class is so numerous so as to render joinder impracticable. See Gen. Tel. Co. of the Northwest, Inc. v. Equal Opportunity Employment Com'n, 446 U.S. 318, 330 (1980). Joinder has been deemed impracticable in cases involving as few as 25 class members, see Philadelphia Elec. Co. v. Anaconda Am. Brass Co., 43 F.R.D. 452, 463 (C.D. Pa. 1968), and a survey of representative cases indicates that, generally speaking, classes

---

[2] In their motion for class certification, Plaintiffs note that "this class is to be certified under FRCP 23(b)(3), as well as FRCP 23(b)(1) and (2)...." Pls.' Mem. at 8. However, whereas Plaintiffs discuss the requirements set forth by Rule 23(b)(3) in their filings, they have not included a similar discussion with respect to Rule 23(b)(1) or (2). Accordingly, this Court construes the present motion as a motion to certify under §(b)(3) of Rule 23 only.

7

1 consisting of more than 75 members usually satisfy the numerosity
2 requirement of Rule 23(a)(1).  See 7A Wright, Miller & Kane
3 Federal Practice and Procedure: Civil 3d §1762 (2005).  Here,
4 Benchmark has admitted that the putative class consists of over
5 236 members.  Joint Case Mgmnt. Stmnt. ¶2.  The Court finds that
6 joinder of so many plaintiffs would be impracticable.  Numerosity
7 is therefore satisfied.

### 2. Commonality

The second requirement of Rule 23(a) is that the claims of the class members share in common "questions of law and fact." This requirement has been given a permissive interpretation, and "[a]ll questions of fact and law need not be common to satisfy the rule." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998).  For the purposes of this motion, the only question is whether the putative class members share common questions of law and fact in proving that Benchmark improperly classified them as exempt under California law.  Since all class members were treated as exempt, and all performed the same job at the same facility, they have demonstrated that they share questions of law and fact in common, and accordingly have demonstrated that their claim meets the standard of Rule 23(a)(2).

### 3. Typicality

The third component of Rule 23(a) requires a showing that the claims or defenses of the class representatives are typical of the claims and defenses of the class as a whole.  As the Ninth Circuit has noted, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they

8

1  need not be substantially identical." <u>Hanlon</u>, 150 F.3d at 1020.
2  Again, the claims of the class representatives are, for the
3  purposes of this motion, precisely the same as the claims of the
4  other class members.  Benchmark has admitted that all loan
5  officers were classified the same way, paid similarly, and
6  performed substantially the same duties.  Joint Case Mgmnt. Stmnt.
7  ¶2.  The claims and defenses of the class representatives satisfy
8  the typicality requirement of Rule 23(a)(3).

9       4. Fair and Adequate Representation

10  Finally, Rule 23(a)(4) requires that "the representative
11  parties will fairly and adequately represent the interests of the
12  class."  Plaintiffs must prevail on two criteria in order to
13  satisfy the requirements of this provision: (1) class
14  representatives and their counsel must be free from irreconcilable
15  conflicts of interest with absent members of the class, and (2)
16  named plaintiffs and their counsel must demonstrate their ability
17  to prosecute the action competently and vigorously on behalf of
18  absent class members.  See <u>Lerwill v. Inflight Motion Pictures,</u>
19  <u>Inc.</u>, 583 F.2d 507, 512 (9th Cir. 1978).

20  Benchmark challenges the adequacy of representation by the
21  class representatives in this case by claiming that the named
22  representatives lacked the commitment to the job that other
23  members of the putative class possessed, and that several
24  instances where two named plaintiffs allegedly violated
25  Benchmark's employee code of conduct demonstrate a "lack of
26  integrity or credibility" such that they are unfit class
27  representatives.  Def. Mem. at 14.  These arguments are

1 unavailing. First, only one of the named plaintiffs must be an
2 adequate class representative in order to satisfy Rule 23(a)(4).
3 See Local Joint Executive Bd. of Culinary/Bartending Trust Fund v.
4 Las Vegas Sands, Inc., 244 F.3d 1152, 1162 n.2 (9th Cir. 2001).
5 Second, in order to demonstrate that the named representatives are
6 inadequate, the party opposing certification must show that any
7 conflicts between the class members are serious and
8 irreconcilable. See Sosona v. Iowa, 419 U.S. 393, 403 (1975).

Benchmark has proffered evidence tending to show that at least several former co-workers complained of unsolicited sexual advances and innuendo by one of the named plaintiffs, along with additional evidence purporting to show that another named plaintiff was uncommitted to his position with Benchmark. See, e.g., Decl. Gretchen LaSage ¶¶ 9-11. However, these facts are insufficient to overcome the burden imposed on a party challenging the adequacy of the named representatives. This conclusion draws additional support when considered against the backdrop of the sole issue for which class certification is being considered-- whether Benchmark properly classified loan officers as exempt. Whatever differences may exist between the representatives and the putative class members within the realm of such issues as commitment to the job, hours worked, or personal goals with respect to the outcome of this litigation are ameliorated by the narrow scope of the issue being considered for certification. The class representatives are adequate because their interests in resolving the question of whether loan officers were properly classified by Benchmark are the same as all other members of the

10

1 putative class, regardless of personality conflicts or other
2 differences between class members.
3 Benchmark has not questioned the adequacy of Plaintiffs'
4 counsel in this case. In the absence of a basis for questioning
5 counsel's competence, the named plaintiffs' choice of counsel will
6 not be disturbed. See Mateo, 805 F. Supp. at 771. This Court
7 therefore finds that the named plaintiffs and their counsel will
8 adequately represent the interests of the class.

9      5. Questions of Law and Fact Predominate

10 The first part of Rule 23(b)(3) requires that classes to be
11 certified under that subsection present claims where "common
12 questions of law and fact predominate over any questions affecting
13 only individual members." The Ninth Circuit has endorsed the
14 proposition that "when common questions present a significant
15 aspect of the case and they can be resolved for all members of the
16 class in a single adjudication, there is a clear justification for
17 handling the dispute on a representative rather than on an
18 individual basis." Hanlon, 150 F.3d at 1022, citing 7A Wright,
19 Miller & Kane Federal Practice & Procedure: Civil 2d §1778 (1986).
20 In this case, the parties generally agree that putative class
21 members all performed the same duties at the same location, and
22 were all treated as exempt under state and federal law. Joint
23 Case Mgmnt. Stmnt. ¶2. Although it appears that the parties
24 disagree as to whether a subsection of the class Benchmark
25 designated as "independent contractors" were actually loan
26 officers like the other putative class members, this issue will
27 not predominate over the common factual and legal issues

28

11

pertaining to the putative class' claim. See id. Accordingly, this Court finds that common questions of law and fact will predominate over all other questions.

### 6. Superiority

Finally, a party seeking class certification under Rule 23(b)(3) must demonstrate that class treatment is the superior method of resolving the dispute. District courts must consider potential alternatives to proceeding under Rule 23, see Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1235, (9th Cir. 1996), but decisions as to these criteria are afforded "broad discretion" upon review. See Kamm v. California City Development Co., 509 F.2d 205, 210 (9th Cir. 1975).

Rule 23(b)(3) enumerates four factors deemed "pertinent" to the resolution of whether class certification is superior. The first factor is "the interest of members of the class in individually controlling the prosecution or defense of separate actions." FED. R. CIV. P. 23(b)(3)(A). Courts have found that where damages sought by each class member are not large, class members have a reduced interest in individually controlling a separate action. See, e.g., Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1190 (9th Cir. 2001) amended by 273 F.3d 1226.

In this case, Plaintiffs have asserted that the amount of damages for each individual plaintiff is likely to be "relatively small." Pls.' Mem. at 16. Even those members of the putative class who could potentially submit the largest claims for damages--those who were relatively high wage earners and who are able to

12

substantiate claims of significant overtime worked, improper deductions, and rest breaks missed--are nonetheless unlikely to present the court with the kinds of multi-million dollar claims frequently at issue in Rule 23 class actions. Accordingly, this Court finds that since the claims involved in this case appear to be relatively small, the interest of the individual Plaintiffs in personally controlling the litigation is similarly small, a factor that supports certification of a class as a superior method of resolving this dispute.

The second factor to consider is "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class." FED. R. CIV. P. 23(b)(3)(B). Because this Court is not aware of any currently pending related claims involving the class members, this factor does not weigh against a finding of superiority.

The third factor to be examined in assessing superiority is "the desirability or undesirability of concentrating the litigation of the claims in the particular forum." FED. R. CIV. P. 23(b)(3)(C). Benchmark apparently argues that it is undesirable to concentrate this litigation in federal court because of the availability of administrative proceedings before the California Labor Commissioner, which, Defendant asserts, provides "remedies...[that] are faster, cheaper, and provide more complete relief." Def. Mem. at 15. Plaintiffs counter by noting that "[n]o administrative remedy has been pursued, and certainly no administrative relief has been obtained." Pls.' Reply Mem. at 4. Both sides miss the mark. In <u>Zinser</u>, the Ninth Circuit noted

13

1  its approval of the approach taken by the District Court in <u>Haley
2  v. Medtronic, Inc.</u>, 169 F.R.D. 643 (C.D. Cal. 1996), where the
3  court considered the location of the parties, witnesses, and
4  evidence in determining whether a class should be certified under
5  section (b)(3)(C) of Rule 23.  <u>Zinser</u>, 253 F.3d at 1191.  In this
6  case, since the parties, evidence, and witnesses are all likely to
7  be located relatively close to this particular forum, this Court
8  does not perceive any reason why section (b)(3)(C) counsels
9  against certifying the putative class.
10      Finally, section (b)(3)(D) directs courts to consider "the
11 difficulties likely to be encountered in the management of a class
12 action."  FED. R. CIV. P. 23(b)(3)(D).  The court in <u>Zinser</u>
13 affirmed a decision by the lower court refusing to certify a class
14 because the complexities of class treatment "weigh[ed] heavily
15 against class certification."  253 F.3d at 1192.  Courts from
16 other circuits have considered the size of the class, the
17 difficulties in complying with notice requirements, and other
18 special individual issues in determining whether class treatment
19 is superior.  <u>See</u> 7AA Wright, Miller & Kane, <u>Federal Practice &
20 Procedure:</u> Civil 3d § 1780 (2005) (citing cases).  Because the
21 putative class is relatively small and does not present either the
22 kinds of specialized issues that require individual resolution or
23 other difficulties that would make class treatment particularly
24 problematic, this Court concludes that certification is
25 appropriate under section (b)(3)(D).
26 //
27 //
28

14

### IV. CONCLUSION

In sum, Plaintiffs' claim that they were wrongly classified as exempt under state law is appropriate for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).  Given that many of the important facts in this case have been admitted by the parties, as well as the fact that all class members had the same job in the same facility, the preliminary question of whether loan officers were properly classified as exempt should be susceptible to efficient and speedy resolution for all class members.  If Plaintiffs are correct in their assertions that they were improperly classified, they will have the opportunity to propose a system by which they may demonstrate the extent of their damages, if any, on each of their substantive claims, including a renewed motion for Rule 23 class certification.  However, before considering any evidence or argument with respect to those particular claims, this Court finds that a more expedient course to take is to first resolve the potentially dispositive issue of Plaintiffs' proper classification, especially where most facts relevant to that question have been admitted by the parties.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion to certify a class pursuant to Rule 23 is GRANTED only with respect to the question of whether Plaintiffs were properly classified as exempt employees, and DENIED in all other respects.

IT IS FURTHER ORDERED that Plaintiffs shall send notice of this Court's order certifying a class to all class members by July 22, 2005.  The form and content of such notice has been established by the Court and provided to the parties.  Defendants

15

1 shall furnish Plaintiffs with the complete names and last known
2 addresses of all class members.
3     AND IT IS HEREBY ORDERED that the parties shall appear for a
4 status conference on November 18, 2005, at 10:00am in Courtroom 1,
5 17th floor.  The parties shall file one joint case management
6 statement with the Court 10 days before the status conference.

8     IT IS SO ORDERED.

10     Dated: July 13, 2005

12                                 /s/   Samuel Conti
                                UNITED STATES DISTRICT JUDGE

16