**United States District Court**
For the Northern District of California

1

2

3

4

5       UNITED STATES DISTRICT COURT

6      NORTHERN DISTRICT OF CALIFORNIA

7              )

8 AARON BREEDEN, MICHAEL PAVELKA, ) No. 04-05104 SC
 BRIAN WINOGRADOV, CHARLES WOODS, )

9 individuals, on their own behalf )
 and on behalf of all others   )

10 similarly situated,       )
              )

11       Plaintiffs,  )
              )

12   vs.           )
              )

13 BENCHMARK LENDING GROUP, INC., and )
 DOES 1-200, inclusive,     )

14              )
        Defendants  )

15 _____)

16

17     **NOTICE OF CERTIFICATION OF CLASS ACTION**

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1       **TO ALL PERSONS WITHIN THE FOLLOWING CLASS:**

2

3       CLASS:    All individuals currently or
                  previously employed between November
4                 12, 2000 and the present by
                  Benchmark as Loan Officers (however
5                 defined, but whose duties included
                  making or receiving telephone calls
6                 to/from potential loan customers).

7

8       **WHY ARE YOU RECEIVING THIS NOTICE?**

9       On November 12, 2004, four plaintiffs, Aaron Breeden, Michael

10      Pavelka, Brian Winogradov, and Charles Woods, initiated an action

11      against Benchmark Lending Group, Inc., entitled <u>Breeden, et al. v.</u>

12      <u>Benchmark Lending Group, Inc.</u>, Case No. C04-05104, alleging

13      violations of state and federal labor laws.  Judge Samuel Conti of

14      the United States District Court for the Northern District of

15      California, is presiding over this case and has certified one

16      issue in this case as appropriate for class treatment under Rule

17      23 of the Federal Rules of Civil Procedure.  The issue that has

18      been certified is whether Loan Officers working at Benchmark's

19      Santa Rosa call center were properly classified by Benchmark as

20      "exempt" employees under California state law.  If you are a

21      member of the class as defined above, you are part of this lawsuit

22      and will be bound by any and all judgments, rulings, or

23      settlements unless you "opt-out."  An explanation of how to opt-

24      out is included below.  **YOU MUST OPT-OUT BY SEPTEMBER 16, 2005, OR**

25      **YOU WILL BECOME A MEMBER OF THE CLASS.**  In the event that there is

26      a settlement, you will have **another opportunity** to opt-out before

27      being bound by the terms of that settlement.  If you are a member

28
                                    2

1   of the class and desire to remain a member, you do not have to

2   file any document with the court.  Should you remain a member of

3   the class, you will be represented by the attorneys for the class,

4   whose names are listed below.

5

6                            **THE LAWSUIT**

7       The Lawsuit alleges that Benchmark improperly classified Loan

8   Officers as exempt employees, entitling Loan Officers to be paid

9   wages and penalties for any overtime that was worked, as well as

10  compensation for any unpaid wages (including minimum wage).  The

11  suit also alleges that Benchmark failed to provide meal and rest

12  breaks to Loan Officers, entitling Loan Officers to additional

13  compensation for each lunch and rest break improperly missed.

14  Finally, the plaintiffs seek damages for improper deductions that

15  were allegedly made from Loan Officers' paychecks.  Benchmark

16  denies all these allegations.  **Class certification has been**

17  **granted ONLY with respect to the question of whether Loan Officers**

18  **were properly classified as exempt employees.**  Even if Plaintiffs

19  are successful in demonstrating that they were not, in fact,

20  exempt, no recovery will occur until plaintiffs are able to prove

21  that Benchmark owes compensation for overtime actually worked,

22  breaks actually missed, and improper deductions actually taken.

23  At this time, those questions are not being considered by the

24  court, and are not within the scope of the class certification.

25  //

26  //

27  //

28

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1

**LEGAL REPRESENTATION**

2      If you remain a member of the class without obtaining your

3   own counsel, you will be represented by the class representatives

4   Aaron Breeden, Michael Pavelka, Brian Winogradov, and Charles

5   Woods, through their attorneys.  Those attorneys are:

6   BEYERS COSTIN
    Peter L. Simon
7   Richard C. O'Hare
    Steven J. Bleasdell
8   Stephen Perry
    200 Fourth St, Suite 400
9   Santa Rosa, CA 95401
    Telephone: 707.547.2000
10  Facsimile: 707.526.2746
    Web: www.beyerscostin.com

11

12      *You will not have to pay class counsel any attorneys fees,*

13  *costs, or expenses for their professional services, but such fees,*

14  *costs, and expenses may be awarded to them by the court out of or*

15  *in addition to any recovery made in the class action.*

16

17                          **OTHER MATTERS**

18      Please do not call the court or court clerk about this

19  Lawsuit.  You should contact your own attorney or direct any

20  inquiries to the attorneys for the class, listed above.

21

22      This is only a summary of the Lawsuit.  All pleadings and

23  documents filed in court may be reviewed or copied in the Office

24  of the Clerk, United States District Court, Northern District of

25  California, located at 450 Golden Gate Avenue, San Francisco, CA.

26  This notice has been sent merely to advise you of the pendency of

27  the Lawsuit and your rights with respect to the class action.

28
                                  4

**United States District Court**
For the Northern District of California

1

**WHAT TO DO**

2      If you wish to be a part of the class for the purpose of

3  determining whether Benchmark properly classified Loan Officers as

4  exempt employees, you need not do anything.  You may also retain

5  separate counsel to pursue your claim individually while remaining

6  a member of the class.  You may opt-out if you do not want to

7  participate in the action, and do not want to be bound by the

8  decisions in this case, whether favorable or unfavorable.  Should

9  you opt-out, however, you will not share in any recovery obtained

10  by the class if the class is successful in obtaining any such

11  recovery.

12

13      If you do not wish to participate in this class action, check

14  the "no" box in the attached form and return it in the envelope

15  provided.  You may also fax the form to 707.526.2746, but be sure

16  to call to confirm receipt of your fax.  **You must return the form**

17  **by September 16, 2005.  All requests received after that date will**

18  **be ineffective, and the person sending the late request will be a**

19  **member of the class and will be bound in the same way and to the**

20  **same extent as other class members.**

21

22  //

23

24

25  //

26

27

28

5

United States District Court
For the Northern District of California

1          FRCP 23 CLASS ACTION "OPT-OUT"

2     I, the undersigned, have read the accompanying Notice and

3  understand its contents.

4

5     ☐     No        I do not want to participate in the class
                       action in the lawsuit known as Breeden, et al.
6                      v. Benchmark lending Group, inc., United
                       States District Court, Northern District of
7                      California, Case No. C04-05104 SC, or be bound
                       by any decisions or participate in any
8                      recovery.

9

10

11  _____
    Signature
12

13

14  _____
15  Name (printed or typed)

16

17

18  _____
19  Address

20

21

22  _____
23  Telephone

24

25

26

27

28                          6